IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAMELA BRADLEY                                                                                           PLAINTIFF

VS.                                             CASE NO. _____

TRI-LAKES CASA, INC.                                                                                   DEFENDANT

## COMPLAINT

### Introduction

This is a civil rights action brought pursuant to 42 U.S.C.S. § 2000 *et seq.* (Title VII of the Civil Rights Act of 1964, as amended), and pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658), in order to recover damages against the defendant for the unlawful employment practices that the plaintiff Pamela Bradley has been subjected to on account of her race and in retaliation for having opposed discriminatory practices. This is also an action for declaratory judgment pursuant to 28 U.S.C.S. § 2201 to declare the rights and other legal relations between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

### I.
### Jurisdiction

1.   Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 2000e *et seq.* (Title VII of the Civil Rights Act of 1964, as amended).

2.   The unlawful employment practices alleged to have been committed against the plaintiff, were committed in the State of Arkansas, and in Garland County, Arkansas.

1

II.
Parties

3. The plaintiff is an African American female, who is a resident of the United States of America.

4. The defendant Tri-Lakes Casa, Inc., is a domestic non-profit corporation organized under the State of Arkansas. The principal address for Tri-Lakes Casa, Inc., is 508 Ouachita Avenue, Suite B, Hot Springs, Arkansas 71901.

5. CASA (Court Appointed Special Advocates) "[i]s a national association in the United States that supports and promotes court-appointed advocates for abused or neglected children. CASA are volunteers from the community who complete training that has been provided by the state or local CASA office."

6. Tri-Lakes Casa, Inc., is an employer within the meaning of 42 U.S.C. § 2000e (b), (g), and (h).

III.
Factual Allegations

7. The plaintiff Pamela Bradley was employed by Tri-Lakes Casa, Inc., as the Executive Director.

8. Tri-Lakes Casa, Inc., is part of the statewide Casa, which has a State Director Laren Geier. Tri-Lakes is also part of the National CASA.

9. Ms. Bradley was hired by Tri-Lakes Casa, Inc., on September 28, 2020 as the Executive Director.

10. Tri-Lakes Casa, Inc., has a Board of Directors that governs the operations of Tri-Lakes Casa.

11. The plaintiff is held accountable to the board of directors, and reports to the board.

12. The plaintiff was formerly employed by the Arkansas Department of Finance and Administration (DF&A), where she had worked for twelve (12) years.

13. Due to the plaintiff's work at DF&A, where she worked in the grants section, she was familiar with CASA, because she assisted the agency in getting its grant funding.

14. The Arkansas Department of Human Services provides cases for Tri-Lakes Casa, Inc..

15. Without these referrals from the Arkansas Department of Human Services, Tri-Lakes Casa, Inc., is unable to survive and meet its financial obligations.

16. Tri-Lakes Casa employs case workers to represent the interest of children in juvenile court, who are going through situations where they have been abused and/or neglected.

17. Tri-Lakes Casa get cases involving abused and/or neglected juveniles from the following counties in Arkansas: Garland, Grant, Hot Spring.

18. Within the Juvenile Court system, there is the Attorney ad-litem who provides legal representation for children involved in the juvenile court system.

19. When the plaintiff became the executive director for Tri-Lakes Casa, there were Caucasian staff members who were upset over an African American being selected for the position of executive director, that they resigned from the organization.

20. There were five Caucasian employees at Tri-Lakes Casa when the plaintiff became the executive director, and they all resigned their positions in protest of the plaintiff's hiring.

21. The attorney ad-litem plays a key role in the juvenile justice system, in that he or she has influence over cases being assigned to the Casa organization.

22. Again, when the plaintiff became the executive director, the attorney ad-litem took a disliking to the plaintiff, and refused to assign cases to Tri-Lakes Casa.

23. The previous executive director was a Caucasian female, who was at Tri-Lakes Casa for five (5) years, and upon information and belief, she was terminated by the board due to alleged theft.

24. The attorney assigned to handle the juvenile court cases on behalf of the Arkansas Department of Human Services was Kurt Meredith, who also refused to work with Tri-Lakes Casa, after the plaintiff was hired as the executive director.

25. The resistance that the plaintiff was encountering after she was hired as the executive director for Tri-Lakes Casa, made it difficult for her to be successful in her job.

26. Rather than Tri-Lakes taking action to alleviate the discriminatory treatment that the plaintiff was enduring, it simply turned a blind eye, and allowed the discriminatory treatment to persist.

27. The only person on the board who attempted to provide the plaintiff with any assistance, was the board's president, Yvonne Dooley Smith, who is African American.

28. The other board members appeared to have shown no interest in the plaintiff's plight and later complaints of discrimination that she filed.

29. On April 12, 2021, the plaintiff notified the board of directors by way of email complaining about acts of discrimination due to her race.

30. However, the plaintiff received no response from the board of directors.

31. The plaintiff then filed an official grievance with the board of directors on April 22, 2021, again contending that she was the victim of race discrimination and unfair treatment.

32. The plaintiff then filed a second official grievance with the board of directors, again complaining about discriminatory treatment based on her race.

33. On April 30, 2022, the board scheduled a grievance hearing for the date of May 11, 2021.

34. However, on May 5, 2021, the board treasurer – Suzanne Herron - came into the plaintiff's office and yelled at her, stating "do you want to be here or not!" "We can make it easy or we can make it hard, and if you make it hard, you are not going to win!" This was an obvious threat to the plaintiff's continued employment with the agency.

35. Suzanne Herron is a Caucasian female, and was the former Executive Director. After the plaintiff was constructively discharged, Ms. Herron became the Executive Director.

36. The plaintiff was under so much stress, which caused her to go to her doctor, who advised the plaintiff that her health was being adversely impacted due to the "toxic environment" that she was in, and that "you need to get out of that environment for the sake of your health" or words to that affect.

37. Seeing that the plaintiff was in a no-win situation, she offered her resignation on May 10, 2021, effective immediately.

## IV.
### Disparate Treatment – Race

38. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 37, supra., inclusive as though set forth herein word for word.

39. The plaintiff was subjected to disparate treatment on account of her race (African American) in that similarly situated white employees received more favorable treatment on account of their race, than the plaintiff was afforded.

40. Despite the fact that the previous executive director was embezzling funds from the organization, she had the support of DHS, the attorney ad-litem, and the CASA board of directors.

41. The plaintiff on the other hand was working hard for the organization (Tri-Lakes Casa), but despite that, she was not given the support by most members of the board of directors.

42. The plaintiff was subjected to the above-mentioned acts of disparate treatment all on account of her race – African American, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq*. and pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

43. The plaintiff was subjected to less favorable terms and conditions of her employment with the defendant, than similarly situated white employees, all on account of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq.*.

44. The plaintiff was constructively discharged from her place of employment with the defendant on account of her race, in violation of Title VII of the Civil Rights Act of 1964 (as amended), which is codified at 42 U.S.C.S. § 2000e *et seq*. and pursuant to 42 U.S.C.S. § 1981 (as amended by the Civil Rights Act of 1991, which is codified at 28 U.S.C.S. § 1658).

## V.
### Retaliation

45. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 44, supra., inclusive as though set forth herein word for word.

46. On April 12, 2021, the plaintiff filed an informal complaint of discrimination with the board of directors, alleging that she was being discriminated against based on her race.

47. On April 22, 2021, the plaintiff filed a formal complaint of discrimination with the board of directors, alleging that she was being discriminated against based on her race.

48. On April 24, 2021, the plaintiff filed a second formal complaint of discrimination with the board of directors, alleging that she was being discriminated against based on her race.

49. As a direct and proximate cause of the plaintiff filing her complaints of discrimination, she has been the target of retaliatory conduct as committed by the defendant.

50. After filing her complaints of discrimination, the plaintiff was yelled at by the board's treasurer, and the plaintiff was threatened with termination.

51. The environment was so bad that no reasonable person would have been expected to remain in such a toxic work environment.

52. Finally, the plaintiff was constructively discharged on May 10, 2021, when the plaintiff resigned her position due to the discriminatory and retaliatory treatment that she was having to endure.

## VI.
### Procedural Requirement

53. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 52, supra., inclusive as though set forth herein word for word.

54. On October 21, 2021, the plaintiff filed a Charge of Discrimination (No. 493-2022-00092) with the Equal Employment Opportunity Commission (EEOC), contending that she had been discriminated against based on her race and in retaliation when she was constructively discharged from her place of employment with the defendant on May 10, 2021. (**See Charge of Discrimination attached herein as Plaintiff's Exhibit "A"**)[1].

55. In response to the Plaintiff's Charge of Discrimination (No. 493-2022-00092) that she filed with the EEOC, said agency issued her a "Dismissal and Notice of Rights" letter dated

---

[1] Although the charge only lists race, the plaintiff filed paperwork with the EEOC listing both race and sex as the reasons for his complaint.

February 28, 2022, which *inter alia* gave the plaintiff the right to sue the defendant within 90 days from the date she received the above-mentioned letter. (**A copy of said "Notice of Right to Sue" letter is attached to this complaint and is identified as Plaintiff's Exhibit "B"**).

56. This cause of action is being brought within ninety (90) days of the plaintiff receiving her right-to-sue letter as referenced in paragraph 55 of this complaint.

57. Due to the above-mentioned acts of discrimination, the plaintiff has suffered mental anguish, embarrassment, lost wages, all in a manner to be proven at trial.

## VII.
## Damages

58. The plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 57, supra., inclusive as though set forth herein word for word.

59. As a direct and proximate cause of the discriminatory and retaliatory treatment that the plaintiff has been subject to, she has suffered mental anguish and humiliation, all to her damage in an amount to be proven at the trial of this matter.

60. Also, as a direct and proximate cause of the discriminatory and retaliatory treatment that the plaintiff has been subjected to, she has suffered by way of loss income, and should be awarded back pay in an amount to be proven at trial.

61. The above-mentioned acts of discrimination and retaliation were committed by the defendant with malice, or in reckless total disregard for the federally protected rights of the plaintiff, that an award of punitive damages is warranted.

## JURY DEMAND

62. The plaintiff requests that this matter be tried before a fair and impartial jury of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above-described unlawful employment practices:

    a.    declare that the plaintiff has been subjected to unlawful discriminatory practices;

    b.    reinstatement and back pay;

    c.    compensatory and punitive damages;

    d.    the cost of prosecuting this action;

    e.    attorney's fees;

    f.    and for all other just, equitable, and legal relief.

Respectfully submitted,

PORTER LAW FIRM
The Catlett-Prien Tower Building
323 Center Street, Suite 1035
Little Rock, Arkansas 72201
Telephone: 501-244-8200
Facsimile: 501-372-5567
Email: Aporte5640@aol.com

By: _____
Austin Porter Jr., No. 86145

Dated this, 27th May 2022.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2022-00092 |
|---|---|---|

_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MS. PAMELA BRADLEY | (501) 658-7717 | |

| Street Address | City, State and ZIP Code |
|---|---|
| 8509 COMMUNITY ROAD, LITTLE ROCK, AR 72209 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| TRILAKES CASA | Under 15 | (501) 321-9269 |

| Street Address | City, State and ZIP Code |
|---|---|
| 508 OUACHITA AVE, HOT SPRINGS, AR 71901 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 05-05-2021   Latest: 05-10-2021
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed since September 28, 2020, as an Executive Director. Since the start of my employment, I have been discriminated against by the state agency that provides our cases and the attorney Ad Litem in the form of not working with me and my staff. On March 11, 2021, we requested a meeting with the state agency, none of the supervisors came, only the attorney Ad Litem. I asked what I could do to make this better, she said you can do nothing. On April 12, 2021, I emailed the board of directors telling them I felt that I was being racially discriminated against and treated unfairly. On April 22, 2021, I filed an official grievance with the board of directors regarding being racially discriminated against and the unfair treatment I have received. On April 24, 2021, I filed a second grievance regarding being racially discriminated against and unfair treatment. On April 30, 2021, a grievance hearing was scheduled for May 11, 2021. On May 5, 2021, the board treasurer came into my office and yelled at me and threatened my job. On May 10, 2021, I resigned effective immediately.

I believe I was discriminated against, harassed, and constructively discharged because of my

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Pamela Bradley on 10-21-2021
10:26 AM EDT

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**PLAINTIFF'S EXHIBIT A**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2022-00092 and EEOC |
|---|---|---|

State or local Agency, if any

race, (black), and in retaliation for my complaints, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Pamela Bradley on 10-21-2021 10:26 AM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(month, day, year) |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Little Rock Area Office
820 Louisiana St ,Suite 200
Little Rock ,Arkansas ,72201
(501) 900-6130
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 02/28/2022

To: Ms. Pamela Bradley
8509 Community Road
Little Rock, AR  72209

Charge No: 493-2022-00092

EEOC Representative and email:    Margie Myers
Investigator
margie.myers@eeoc,gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because the respondent employs less than the required number of employees or is not covered by the laws enforced by EEOC.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 493-2022-00092.

On Behalf of the Commission:

Digitally Signed By:Edmond Sims
02/28/2022
Edmond Sims
Acting District Director

Cc:
Suzanne Herron
Executive Director
TRILAKES CASA
508 Ouachita Ave
Hot Springs, Arkansas, 71901

Steven Schulte
Attorney at Law
Schulte Law Firm
2024 Arkansas Valley Dr, Ste 707
Little Rock, Arkansas 72212

